UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-80496-MARRA/MATTHEWMAN

SECURITIES AND EXCHANGE )
COMMISSION, )
      Plaintiff, )
v. )
 )
DANIEL P. McKELVEY et al., )
      Defendants, )
 )
and )
 )
AU CONSULTING LLC et al., )
      Relief Defendants. )
_____ )

### JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT DANIEL P. McKELVEY

The Securities and Exchange Commission having filed a Complaint and Defendant Daniel P. McKelvey ("McKelvey") having entered a general appearance; consented to the Court's jurisdiction over him and over the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Second Amended Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph XV); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

### SECTION 17(a) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or

Initials

indirectly, to employ any device, scheme, or artifice to defraud; to obtain money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; or to engage in transactions, practices and courses of business which operate or would operate as a fraud or deceit upon the purchasers and prospective purchasers of such securities; by (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities; (B) the registration status of such offering or of such securities; (C) the prospects for success of any product or company; (D) the use of investor funds; or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

## II.

### SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from violating Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, directly and indirectly, by use of any means or instrumentality of interstate commerce, or of the mails, in

connection with the purchase or sale of any security, to employ any device, scheme or artifice to defraud; to make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or to engage in acts, practices and courses of business which operate or would operate as a fraud or deceit upon any person; by (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities; (B) the registration status of such offering or of such securities; (C) the prospects for success of any product or company; (D) the use of investor funds; or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

### III.

### SECTION 13(b)(5) AND RULE 13b2-1 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from violating Section 13(b)(5) and Rule 13b2-1 of the Exchange Act, 15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1, by, directly or indirectly, circumventing or failing to implement a system of internal accounting controls described in Section 13(b)(2)(B) of

the Exchange Act, or falsifying or causing to be falsified, books, records, and accounts described in Section 13(b)(2)(A) of the Exchange Act.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

## IV.

### RULE 13b2-2 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from aiding and abetting any violation of Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, by knowingly or recklessly providing substantial assistance to any director or officer of an issuer who, directly or indirectly, makes or causes to be made a materially false or misleading statement, or omits to state, or causes another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with an audit, review or examination of the financial statements of an issuer required to be made, or the preparation or filing of any document or report required to be filed with the Commission.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents,

servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

V.

**SECTION 13(b)(2)(A) AND 13(b)(2)(B) OF THE EXCHANGE ACT**

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(B), by knowingly or recklessly providing substantial assistance to any issuer that, directly or indirectly, fails to make and keep books, records, and accounts in accordance with Section 13(b)(2)(A) of the Exchange Act, or fails to devise and maintain a system of internal accounting controls in accordance with Section 13(b)(2)(B) of the Exchange Act.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

VI.

**RULE 13a-15 OF THE EXCHANGE ACT**

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from aiding and abetting any violation of Rule 13a-15 of the Exchange Act, 17 C.F.R. § 240.13a-15, by knowingly or recklessly providing substantial assistance to any issuer that, directly or indirectly, fails to maintain disclosure controls and procedures or internal controls over financial reporting.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

## VII.

### RULE 15d-15 OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from aiding and abetting any violation of Rule 15d-15 of the Exchange Act, 17 C.F.R. § 240.15d-15, by knowingly or recklessly providing substantial assistance to any issuer that, directly or indirectly, fails to maintain disclosure controls and procedures or internal controls over financial reporting.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

## VIII.

### SECTIONS 13(a) AND 15(d) AND RULES 12b-11, 12b-20, 13a-1, 13a-13, 13a-14, 15d-1, 15d-13 AND 15d-14 OF THE EXCHANGE ACT, AND RULE 302 OF REGULATION S-T OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a) and 15(d) and Rules 12b-11, 12b-20, 13a-1, 13a-13, 13a-14, 15d-1, 15d-13 and 15d-14 of the Exchange Act, 15

U.S.C. §§ 78m(a) and 78o(d), and 17 C.F.R. §§ 240.12b-11, 240.12b-20, 240.13a-1, 240.13a-13, 240.13a-14, 240.15d-1, 240.15d-13 and 240.15d-14; and Rule 302 of Regulation S-T of the Securities Act, 17 C.F.R. § 232.302; by knowingly or recklessly providing substantial assistance to any issuer that fails to comply with the required reporting provisions of the federal securities laws set forth in Sections 13(a) and 15(d) and Rules 12b-11, 12b-20, 13a-1, 13a-13, 13a-14, 15d-1, 15d-13 and 15d-14 of the Exchange Act, and Rule 302 of Regulation S-T of the Securities Act.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

## IX.

### SECTION 20(a) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from violating Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), by, directly or indirectly, controlling any person who violates Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), 13(b)(5) and 15(d) and Rules 10b-5, 12b-11, 12b-20, 13a-1, 13a-13, 13a-14, 13a-15, 13b2-1, 13b2-2, 15d-1, 15d-13, 15d-14 and 15d-15 of the Exchange Act, 15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), 78o(d), and 17 C.F.R. §§ 240.10b-5, 240.12b-11, 240.12b-20, 240.13a-1, 240.13a-13, 240.13a-14, 240.13a-15, 240.13b2-1, 240.13b2-2, 240.15d-1, 240.15d-13, 240.15d-14, 240.15d-15, unless McKelvey acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

## X.

### SECTION 20(b) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey is permanently restrained and enjoined from violating Section 20(b) of the Exchange Act, 15 U.S.C. § 78t(b), by, directly or indirectly, doing any act or thing which it would be unlawful for him to do under Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), 13(b)(5) and 15(d) and Rules 10b-5, 12b-11, 12b-20, 13a-1, 13a-13, 13a-14, 13a-15, 13b2-1, 13b2-2, 15d-1, 15d-13, 15d-14 and 15d-15 of the Exchange Act, 15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), 78o(d), and 17 C.F.R. §§ 240.10b-5, 240.12b-11, 240.12b-20, 240.13a-1, 240.13a-13, 240.13a-14, 240.13a-15, 240.13b2-1, 240.13b2-2, 240.15d-1, 240.15d-13, 240.15d-14, 240.15d-15, through or by means of any other person.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) McKelvey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with McKelvey or with anyone described in (a).

Initials

## XI.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), McKelvey will be prohibited, for a length of time to be determined upon Motion from the Commission, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

In connection with the Commission's motion to determine the length of this bar, and at any hearing held on such a motion: (a) McKelvey will be precluded from arguing he did not violate the federal securities laws as alleged in the Complaint; (b) McKelvey may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

## XII.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** McKelvey is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase

or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## XIII.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that McKelvey shall pay disgorgement of ill-gotten gains and prejudgment interest thereon; that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission; and that the prejudgment interest shall be calculated from November 1, 2013 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3) is appropriate and, if so, the amount of the penalty.

In connection with the Commission's motion for disgorgement and/or civil penalty, and at any hearing held on such a motion: (a) McKelvey will be precluded from arguing he did not violate the federal securities laws as alleged in the Complaint; (b) McKelvey may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

## XIV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that McKelvey shall comply with all of the undertakings and agreements set forth therein.

## XV.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by McKelvey, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by McKelvey under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by McKelvey of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## XVI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and over McKelvey for the purposes of enforcing the terms of this Judgment.

## XVII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 30th day of _____JUNE_____, 2016.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

Jeffrey L. Lamson, *pro se*
2679 Aberdeen Lane
El Dorado Hills, CA 95762

Edward G. Sanders, *pro se*
9694 Royal Palm Blvd., # 22-3
Coral Springs, FL 33065