# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-cv-80496-MARRA/MATTHEWMAN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| DANIEL P. McKELVEY *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| AU CONSULTING LLC *et al.*, | ) |
| | ) |
| Relief Defendants. | ) |
| | ) |

## ORDER

**THIS CAUSE** is before the Court upon the Plaintiff's Motion for Final Judgments against Defendants Daniel P. McKelvey, Scott F. Hughes, Jeffrey L. Lamson, and Edward G. Sanders, and Relief Defendants Forte Capital Partners, LLC and Ilene Mirman [D.E. 101] (the "Motion").

On July 11, 2016, this Court previously entered a Judgment against Relief Defendant Ilene Mirman (the "Judgment"). [D.E. # 93.] The Judgment provides that the Court shall determine the amounts of the disgorgement and prejudgment interest to be paid by Ilene Mirman upon the Commission's motion, with prejudgment interest to be calculated from June 1, 2014 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C.§ 6621(a)(2). [*Id.* at § I.] The other relief imposed by the July 11, 2016 Judgment remains in full effect.

CASE NO. 15-cv-80496-MARRA/MATTHEWMAN

The Court having reviewed the Motion and the briefs filed by the parties in opposition and support of the Motion, hearing oral argument by the parties on February 2, 2018, and the Court otherwise advised in the premises, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion against Relief Defendant Ilene Mirman is **GRANTED** in part and **DENIED** in part.

2. Relief Defendant Ilene Mirman is liable for disgorgement of $1,570,985.00, representing profits gained as a result of the conduct alleged in the Second Amended Complaint, together with prejudgment interest thereon in the amount of $100,955.34 representing a total amount payment of $1,671,940.34.

3. Mrs. Mirman, however, shall be entitled to a setoff of any and all funds tendered to the United States in the parallel criminal matter involving her husband, Alvin Mirman, pursuant to an Order on the Government's Motion for the Entry of a Forfeiture Order, Pronouncement of Forfeiture at Sentencing and Inclusion of Forfeiture in the Judgment (the "Forfeiture Order") *United States v. A. Mirman*, 16-cr20572-CMA (D.E. 57).

4. Relief Defendant Ilene Mirman shall provide prompt notice to this Court of all amounts tendered to the United States by Alvin Mirman in satisfaction of his obligations under the Forfeiture Order, which shall have the effect of reducing dollar-for-dollar Ms. Mirman's obligations under the Final Judgment in this case by the amount of such payment made by Alvin Mirman pursuant to the Forfeiture Order.

5. The total amount payment of $1,671,940.34, less any setoff described above, shall be due and payable within fourteen (14) days from the date of this Final Judgment.

6. Ilene Mirman may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at the following address: http://www.sec.gov/about/offices/ofm.htm. Ilene Mirman may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ilene Mirman as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Ilene Mirman shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Ilene Mirman relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Ilene Mirman.

7. The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

8. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of the Final Judgment. Ilene

CASE NO. 15-cv-80496-MARRA/MATTHEWMAN

Mirman shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Ilene Mirman in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

DONE and ORDERED in Chambers, in West Palm Beach, Florida, this 23rd day of February, 2018.

_____
**KENNETH A. MARRA**
**UNITED STATES DISTRICT JUDGE**